## THE STATE VS. CZARNIKOW.

In a prosecution for gaming, the question, whether the witness has seen the defendant bet money at the game charged, in the county, at any time within one year next before the finding of the indictment, is not too general. (*Orr vs. State*, 18 *Ark*. 543.

Where the State, in a prosecution for gaming, attempts to prove a particular instance of gaming by the defendant, by one witness, and fails, she may call another witness and prove another and different instance of gaming by the defendant, within the period of limitation.

The punishment on conviction for gaming being a fine, a new trial may be granted the State. (*Jones vs. The State*, 15 *Ark*. 252.)

*Appeal from Crawford Circuit Court.*

Hon. FELIX I. BATSON, Circuit Judge.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Czarnikow was indicted at the February term, 1857, of the Sebastian Circuit Court, for betting at a *faro bank*. The offence was charged to have been committed 10th December,

1856. Upon the plea of not guilty, the defendant was tried and acquitted at the August term, 1857, and the State appealed upon questions of law reserved at the trial.

The bill of exceptions shows that, upon the trial of the cause, the State introduced, as a witness, *Ervin Martin*, who testified that he was before the grand jury, in February then last, and that before that time, in the year 1857, he saw the defendant at what is known as the "*Hole in the Wall*," in Fort Smith, betting against a *faro bank*, exhibited by one Mackey.

*On cross-examination* by the defendant, he stated that he did not remember the month in which the betting took place; he thought it was last fall. He then said he thought it was in December, 1856; was not certain that it was not in 1855. That the present year was 1857. That he did not know what anniversary the 4th of July was. Did not know what day of the month Christmas comes on, nor what month it was in.

Upon *re-examination* by the State, he testified that said betting took place the night he was robbed by Dan Ross; that it was in December before his going before the grand jury—was last December.

Whereupon, the defendant's attorney proposed to ask the witness in what year it was that he was before the grand jury; to the asking and answering of which question the State objected; but the Court overruled the objection, and the State excepted. The witness answered that it was in 1856.

The State then introduced Foster Sadler as a witness, who stated that he was in the gambling room at the "*Hole in the Wall*," on the night in which the witness *Martin* was robbed by *Dan Ross*, and that he did not see the defendant there.

The attorney for the State then asked Sadler if he had seen the defendant, at any time, other than the time spoken of by the first witness, bet money against a *faro bank*, in the county of Sebastian, within one year next before the finding of the indictment in this case. To the answering of which question the defendant objected, the Court sustained the objection, and

would not permit the witness to answer the question, and the State excepted.

1. It is not insisted by the attorney general that the Court below erred in permitting the witness *Martin* to respond to the question put to him by the appellee, as to the year in which he was before the grand jury.

2. Upon what ground the Court refused to permit the witness, Sadler, to answer the question put to him by the State, does not appear. If upon the ground that the question was too general, the Court erred. *Orr vs. The State*, 18 *Ark.* 543.

If upon the ground that the State had made an ineffectual attempt to prove a particular instance of betting at faro by the witness *Martin*, and was thereby debarred from proving, by the other witness, a betting at *faro* by the appellee, at some other time, within the period of limitation, than that referred to by the first witness, the Court likewise erred.

The time charged in the indictment was not material. The State had the right to make out a case of betting at faro, by the accused, at any time within the period of limitation. 1 *Phil. Ev.* 514; 1 *Waterman's Arch. Cr. L.* 119, *and note.*

. Under an indictment containing but one count, as in this case, the accused can only be convicted and punished for one instance of gaming; but the State may prove that that instance occurred at any time within twelve months previous to the finding of the indictment. Where the State introduced a witness, and attempts to prove an instance of gaming by him, but fails on account of his want of intelligence, defective memory, or indisposition to tell the whole truth, or his want of a full knowledge of the facts, it would be a very unsafe and inconvenient practice to cut her off from the right to introduce another witness, and interrogate him as to any instance of gaming by the accused, embraced by the allegations of the indictment, within his knowledge, etc.

The judgment of the Court below is reversed, and this being a case where the appellee, if convicted, could only be punished

by a pecuniary mulct (*Dig.*, *p.* 370, *sec.* 3,) and not by imprison-
ment, the Court below will be directed to grant to the State a
new trial, upon the authority of *Jones vs. The State*, 15 *Ark.*
262.