EARNEST STONE v. THE STATE.

No. 2510. Decided April 29, 1903.

**1.—Rape—Several Transactions—Election by State as to the Particular Act.**

On a trial for rape involving several months and many acts, the State, on motion of defendant, should have been required to elect as to the particular transaction, as to time and place, upon which a conviction would be asked.

**2.—Same—Charge.**

Where, on a trial for rape involving several transactions, the State has been required to elect the transaction upon which a conviction would be asked, and the State selected the first full act of intercourse at a certain schoolhouse, the jury should have been restricted by the charge to a consideration of this act alone, and it was error to submit to them any act occurring at said schoolhouse within one year, whether it was the first or any subsequent act.

**3.—Same—Evidence as to Age of Prosecutrix.**

On the trial for rape of a female alleged to be under the age of 15 years, it was error to admit, as original testimony, a leaf torn from the note, or butcher's book, upon which the father had written the ages of his daughters; such memorandum not being introduced as corroborative of the testimony of the father, who was a witness, and who stated he had made the entry because he was present and testified in the case.

Appeal from the District Court of Ellis. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The indictment charged appellant with the rape of Annie Henry, a female under the age of 15 years, on the 15th day of October, 1902. The evidence showed many acts of illicit intercourse between the parties; and, upon motion of defendant, the State was required to elect as to the transaction upon which the conviction would be asked.

It would be profitless, and under the opinion it is unnecessary, to state the disgusting evidence testified to in regard to the transactions involved.

*Anderson & Anderson,* and *Jack Beall,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of ten years.

The evidence introduced covered a period of several months, and many acts occurring between appellant and the girl. There was a serious contention as to the age of the girl, with the preponderance of the evidence, as we view the record, decidedly in favor of the conclusion that she was over 15 years of age at the time of the alleged rape. The language of the alleged ravished girl and her sister show them to be women of the most abandoned order. Their deportment, manner of narrating the events, and their conduct, glorying in their own shame, was better worthy, or perhaps unworthy, of inmates of the brothel than that of respectable women whose honor and virtue were to be upheld by the punishment of a rapist.

As stated, the transaction covered several months of time and many acts, which went before the jury without objection. Motion was made to require the State to elect upon which transaction it would ask conviction. This was partially granted; that is, the State elected "the first full act of intercourse happening at Dunn's schoolhouse, as shown by the testimony of Annie Heury," the alleged injured female. There is some confusion in the testimony in regard to when this full act of intercourse happened at Dunn's schoolhouse, as testified by Annie Heury. The State should have been required to select some specific act as to time and place. In this connection, the court charged the jury: "If they believe from the evidence before them, beyond a reasonable doubt, that the defendant Earnest Stone, did, in the county of Ellis and State of Texas, and in Dunn's schoolhouse, at any time within one year previous to the filing of the indictment herein—January 14, 1903—penetrate the female organ of Annie Heury with the male member of his, defendant's, body, and did have carnal knowledge of the person of Annie Heury, either with or without her consent, or with or without the use of force, threats or fraud, and that it was the first time he, defendant, had carnal knowledge of the person of Annie Heury in Dunn's schoolhouse, if he had such; and if you further believe from the evidence, beyond a reasonable doubt, that at the time defendant Earnest Stone had such carnal knowledge of the person of Annie Heury, if he did, that she, the said Annie Heury, was under the age of 15 years, and was not the wife of defendant—then it would be the duty of the jury to find defendant guilty as charged," etc. In this connection the court further charged the jury: "That the State, upon motion of defendant, has been required to elect and state upon what particular act of unlawful carnal intercourse, if any, which defendant may have had with Annie Heury, it relies for a conviction; and the counsel for the State have made such

election, and they insist and charge that defendant did have carnal knowledge of the person of Annie Heury in Dunn's schoolhouse in Ellis County, Texas, several times; and they further elect to rely upon the first act of unlawful carnal intercourse, if it was committed, which they charge defendant had with Annie Heury in Dunn's schoolhouse (if he had such an unlawful intercourse with Annie Heury at such place); and the jury are further instructed that the State is bound by such election, and can not find defendant guilty of rape on account of his having carnal knowledge of the person of Annie Heury, if he had such, at any other time and place than the alleged offense at Dunn's schoolhouse charged to have been committed by defendant, and elected by the State's counsel, and relied upon by them to convict defendant." The same objections are urged to these charges: First, that they are contradictory one with the other; second, that they do not submit the act of intercourse eleced by the State, which was the first full act of intercourse happening at Dunn's schoolhouse, as shown by the testimony of Annie Heury" and by her sister; and they vary in their testimony as to when these acts occurred, and the circumstances under which they occurred. The evidence is somewhat in conflict, so far as these witnesses are concerned, as to which was the first act, and when it occurred. If the election was valid, the State had selected a particular act, and that act was the first act happening at Dunn's schoolhouse, as testified by Annie Heury. The jury should have been restricted to the consideration of this act alone, and not any act occurring within twelve months at Dunn's schoolhouse, whether it was the first or any other subsequent act, if it was not the particular act fixed by the testimony of Annie Heury as the first act. To meet this weakness in the charge, appellant asked a special charge submitting pertinently the very question which was refused by the court; and this is urged as error. The court's charge was wrong and it was error to refuse the special instructions requested, submitting this issue sharply and pointedly as set forth by said special charge.

During the trial, the State's witness, Louis Heury, the father of the injured female, testified in regard to the age of his two daughters, and became somewhat confused, his memory being anything but distinct and clear as to their ages. In this attitude of his testimony he was permitted to introduce before the jury a leaf torn from a notebook or butcher's book, on which was written in ink the ages of two of his children, while the names of the others, including the two daughters in question, were written in pencil, in the following language: "Goldie, born 30 December, '86. Annie Heury, born Oct. 25, 1888." This instrument was finally admitted before the jury as evidence, without objection. Subsequently, and after the argument appellant presented a written charge asking the court to withdraw this instrument from the consideration of the jury. As presented, we believe this testimony should have been withdrawn: It was not original testimony. It could not serve the purpose of being the act or declaration of the father, who testified that he made the entries, because he was present and testified in the case.

Campbell v. Wilson, 23 Texas, 252, 76 Am. Dec., 67. The mother also testified, and, so far as the record discloses, this memorandum went before the jury as original testimony. We do not believe it was admissible as original testimony under the circumstances above stated. It did not seem to be admitted as corroborative of the testimony of the father. It is therefore unnecessary to discuss the question from that standpoint.

There are some questions suggested for revision with reference to the argument of counsel. We deem it unnecessary to enter into a discussion of these matters, as they ought not, and perhaps will not, occur on another trial, and would hardly arise in the same way again.

Because of the confusion and uncertainty of the election by the State of the act on which it relied for conviction, and because of the failure of the court in its charge to specify the act as elected by the State, and the refusal of the court to charge the jury as requested by appellant in regard to this matter, the judgment is reversed and the cause remanded.

*Reversed and remanded.*