BEN F. BADER v. THE STATE.

No. 214.   Decided November 17, 1909.

**1.—Rape—Election by State—Different Acts of Intercourse.**

Where, upon trial for rape, the evidence showed three different occasions of carnal intercourse between defendant and a female under the age of consent, it was reversible error not to have required the State, upon motion of defendant, to elect upon which one of the instances of carnal intercourse it would rely for a conviction. Following Batchelor v. State, 41 Texas Crim. Rep., 501, and other cases.

**2.—Same—Evidence—Other Acts of Intercourse—Lewdness.**

Where, upon trial of rape, the testimony of the prosecutrix, who was under the age of consent, was that she had not had intercourse with any other person than defendant, and there was testimony from physicians as to her physical condition, it was reversible error not to have permitted the defense to introduce testimony tending to show that prosecutrix was guilty of acts of lewdness and acts of carnal intercourse with other persons than defendant, both to show her physical condition and for purposes of impeachment. Following Rice v. State, 37 Texas Crim. Rep., 43, and other cases.

**3.—Same—Evidence—Complaint of Prosecutrix.**

Upon trial of rape there was no error in admitting the testimony of the mother of prosecutrix, to the effect that her daughter told her that defendant had done her very wrong.

**4.—Same—Evidence—Impeaching Witness—Harmless Error.**

Upon trial of rape, where the court excluded a certain written statement sworn to by prosecutrix before an officer, contradicting her testimony, the same was harmless error, although said statement was admissible, inasmuch as the prosecutrix admitted on the witness stand practically all the statements contained therein.

**5.—Same—Evidence—Animus of Witness.**

Upon trial of rape there was no error in rejecting certain testimony offered by the defense with reference to prosecutrix' acts of intimacy with a third party, which acts defendant claimed inspired the prosecution against him, it not having been shown that either the prosecutrix or her mother had been advised of such a state of facts, or that they or said third party procured or induced the prosecution.

**6.—Same—Sufficiency of Evidence.**

See opinion where the court refrains from giving an opinion as to the sufficiency of the evidence in view of a new trial awarded.

Appeal from the District Court of Navarro. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Callicutt & Call* and *E. J. Gibson,* for appellant.—On ·question of the election by the State: Lunn v. State, 44 Texas, 85; Fisher v. State, 33 Texas, 792; Larned v. State, 41 Texas Crim. Rep., 509; Walker v. State, 44 Texas Crim. Rep., 569, 72 S. W. Rep., 401; Gelber v. State, 120 S. W. Rep., 863, and cases cited in the opinion.

On question of court's refusal to permit defendant to prove acts of lewdness and acts of carnal intercourse of prosecutrix with persons other than defendant: 23 Am. & Eng. Enc. of Law, 2d Ed., p. 872, and cases cited in the opinion. On the question of the insufficiency of the evidence: Gazley v. State, 17 Texas Crim. App., 267; Montresser v. State, 19 Texas Crim. App., 281; Rhea v. State, 30 Texas Crim. App., 483; Topolanck v. State, 40 Texas, 160; Thompson v. State, 33 Texas Crim. App., 472; People v. State, 65 Am. Dec., 507.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The appellant prosecutes this appeal from a conviction for rape had in the District Court of Navarro County on May 7th of this year.

Appellant was charged with the offense of rape upon one May Belle White, a girl under the age of 15 years. The evidence, indeed, shows her to have been at the time of the alleged rape, and at the time of the trial, less than 13 years of age. That she had had intercourse with some one, in view of the testimony of the physicians introduced, is unquestioned. Her testimony asserts that appellant had, with her consent, intercourse with her on three different occasions, once the latter part of February or first of March of this year, a second time on the first Sunday in March, and another time about the 20th or 25th day of March, this year. We deem it unnecessary to set out the details which are, as usual, of the most disgusting character.

1. At the conclusion of the evidence and before the argument of counsel appellant filed a motion to require the State to elect upon which one of the occurrences or instances of intercourse it would rely for a conviction in the case. Under all the authorities which are both numerous and uniform this motion should have been granted. Batchelor v. State, 41 Texas Crim. Rep., 501; Powell v. State, 47 Texas Crim. Rep., 155, 82 S. W. Rep., 516; Stone v. State, 45 Texas Crim. Rep., 91, 73 S. W. Rep., 956.

2. Appellant tendered certain evidence going to show circumstances of lewdness, familiarity, and tending to show that prose-

cutrix might have been and raising the issue and tending to prove that she had been guilty of acts of intercourse with other persons than appellant. This was designed to meet the testimony of the prosecutrix that she had intercourse with no other person than appellant, and to account for her condition and the condition of the vagina and the destruction of her hymen as testified to by the physicians, and to prove that other persons than himself had in fact had sexual intercourse with prosecutrix. This was offered for the purpose also of impeaching the prosecutrix wherein she testified that no other person than appellant had had carnal knowledge of her, and to explain the facts and circumstances testified to by the physicians tending to show that prosecutrix had submitted to repeated acts of intercourse. This testimony is quite voluminous, and consisted of a great many circumstances and facts which we deem unnecessary to set out. The effect of all the evidence tendered, if believed, was well calculated to induce the jury to believe that the little girl had been intimate with several persons near her own age. The court in explaining the bill says that he ruled that such proof of other acts of intercourse would be admitted for such purpose, and that no proof of other acts of intercourse was in fact offered. It was not contended by counsel for appellant that the mere fact that prosecutrix had allowed other persons to have intercourse with her would be any defense, but that this evidence was offered, as stated, for the purpose of explaining, consistent with appellant's innocence, the condition of the prosecutrix. That this testimony is admissible is well settled in this State. Rice v. State, 37 Texas Crim. Rep., 36; Knowles v. State, 44 Texas Crim. Rep., 322. The rule is thus laid down in the 23 American & English Encyclopedia of Law, page 872: "Where the condition of the private parts of a female is relied upon to show the fact of sexual intercourse, evidence to show other acts of intercourse between the prosecutrix and other persons is admissible to show the cause of such condition and to rebut the contention that it was caused by defendant." People v. Flaherty, 79 Hun., 52, or 86 N. Y. Supplement, 52; People v. Craig, 116 Mich., 388; Beustin v. State, 31 Am. Rep., 397; Sherwin v. State, 69 Ill., 60; Nugent v. State, 18 Ala., 526; People v. Knight, 43 Pac. Rep., 7; People v. Bestinger, 11 N. Y. Supp., 916. Judge Brooks agrees to the rule here announced, notwithstanding the expression, apparently, of a contrary view in the Knowles case, supra. The trial court seems to have recognized the rule, but to have thought that because the evidence was not positive and direct that the testimony ought not to be admitted. If evidence of such intercourse is admissible, then it may be shown either by direct and positive testimony or by circumstances of such cogency and force as to warrant the belief that there had been intercourse with other persons. We think the nature of the testimony tendered was such as to render it admissible. If believed, we think it was sufficient to justify a fair,

if not an inevitable inference that the little girl had been criminally intimate with other persons.

3. Objection was made to portions of the testimony of Mrs. White touching the details of the statement of her daughter, and that at the time she was crying, despondent and unhappy. We do not believe that, as presented, there was anything objectionable in the testimony admitted by the court. The details of the statement made by the child to the mother are not given further than that appellant had done her very wrong; and the circumstances and reasons for the disclosure, which had been some time withheld, under the circumstances was not objectionable or improper.

4. Objection is also made that the court erred in not permitting appellant to introduce in evidence a certain written statement, signed and sworn to by the prosecuting witness before the assistant county attorney of Limestone County, which is set out in the record. This testimony was admissible as a basis for impeaching the prosecuting witness. Since, however, she admitted making practically all the statements contained in it, and stated that they were either inaccurate or untruthful, it is not believed that this matter, if the case stood alone on this question, would be important. However, if offered on another trial we think it should be admitted, if offered for the purpose of impeachment, and restricted to that use.

5. On the trial appellant offered one Roscoe by whom he proposed to prove that he was principal of the public schools at Thornton, and that along in the latter part of February of this year appellant told said Roscoe, in substance, that McClellan, a 16 year old boy, had frequently been seen by him at the home of prosecutrix; that McClellan had told him, appellant, that he was sleeping with prosecutrix, and referred to her as his wife. That Roscoe was an intimate friend of appellant, and that appellant requested him to go to the father of prosecutrix and explain to him the statements of said McClellan, and that he, Roscoe, did explain to the father of prosecutrix these statements of McClellan. This testimony was offered in view of other evidence tendered that McClellan was a repeated visitor and companion of prosecutrix, and that said testimony was pertinent as tending to show a motive of prosecutrix and her parents for the prosecution. It will be noted it is not claimed that these facts, if indeed they were facts, were ever communicated to the prosecuting witness or to her mother, nor is it shown that in any way the fact contributed to the institution of the prosecution or related in any way to the charge against appellant. We think before this testimony should be admitted, that some showing should be made that these disclosures had been brought to the knowledge of the prosecuting witness, or that they procured or induced the prosecution.

The record shows that W. W. White was offered as a witness by appellant. He is not shown by any evidence to have instituted or

to have been concerned in the prosecution. We gather from the record that he was in bad health and probably a very infirm man. On his cross-examination he says: "I had a long spell of sickness, and have never been right since." We do not think, in view of the entire record, this testimony should have been admitted.

Many of the other questions raised on the appeal relate to matters that will not likely occur on another trial and need not now be discussed.

6. Finally, it is urged that the testimony is insufficient to sustain a conviction. We do not feel, in view of the fact that the case is to be reversed, that we should undertake at this time to pass on this question. For the errors pointed out it is ordered that the judgment of conviction be and the same is hereby set aside and the cause reversed and remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*