## SMITH v. STATE.

(Court of Criminal Appeals of Texas. Jan. 10, 1912.)

1. CRIMINAL LAW (§ 1149*)—APPEAL—DISCRETION OF COURT—ELECTION OF OFFENSES.

Since the question of whether the state will be required to elect upon which count it will rely, when the indictment contains several counts charging different felonies, is for the trial court's discretion. there was no reversible error, in a prosecution for rape, in which the indictment charged intercourse on several distinct occasions, in refusing to require the state to elect until the state's testimony in chief was closed, the district attorney having elected to rely upon a particular count at the close of prosecutrix's examination, in which she testified as to acts of intercourse charged in the several counts, after which the court instructed the jury not to consider any testimony, except that offered to support the count relied upon by the state.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1149.*]

2. CRIMINAL LAW (§ 369*)—EVIDENCE—OTHER OFFENSES.

In a prosecution for rape, in which the state relied upon a particular offense, evidence of acts of sexual intercourse between

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

accused and prosecutrix, committed on other occasions, was admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

3. CRIMINAL LAW (§ 595*)—CONTINUANCE—ABSENT WITNESSES.

Accused was charged with raping his own daughter, who testified that all of the acts of intercourse occurred at night at their home, and that accused and prosecutrix always slept together in one bed, and the other two children slept in the other bed. Accused denied sleeping or having intercourse with prosecutrix, and moved for a continuance, because of the temporary absence of his 17 year old son in another state, and, when the motion was overruled, telegraphed him to come, but the son did not arrive until verdict was rendered, having been prevented by sickness from arriving earlier. The son's affidavit shows that, until about four months before the trial, he had resided continuously with his father, and knew that he had never slept with prosecutrix. Accused was indicted October 28th, and the trial was called November 11th. Held, that it was error to deny a continuance, in view of the materiality of the son's evidence, and especially in view of the fact that accused was unable to employ attorneys to defend himself.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1323–1327; Dec. Dig. § 595.*]

Davidson, P. J., dissenting in part.

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Van Smith was convicted of rape, and he appeals. Reversed and remanded.

Lucian W. Parrish, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted by the grand jury of Clay county, charged with the offense of rape on his own daughter, who, it is alleged, was under 15 years of age, and when tried was convicted and his punishment assessed at 15 years in the penitentiary.

The indictment contained five counts, the first being: "In the name and by the authority of the state of Texas, the grand jurors for the county of Clay, state aforesaid, duly organized as such at the October term, A. D. 1910, of the district court of said county, upon their oaths in said court present that Van Smith, on or about the 1st day of November, one thousand, nine hundred and nine (A. D. 1909), and anterior to the presentment of this indictment, in the county of Clay and state of Texas, did then and there unlawfully make an assault in and upon the person of Mabel Smith, a female then and there being under the age of 15 years, and she, the said Mabel Smith, not then and there being the wife of the said Van Smith, and the said Van Smith did then there ravish and have carnal knowledge of the said Mabel Smith, against the peace and dignity of the state." The other counts contained the same allegations, except that in the second count the date of the offense is on or about the 1st day of January; in the third, the 1st day of May; in the fourth, the 1st

day of July; and in the fifth, the 15th day of August, 1910.

[1] Appellant's attorneys moved first to quash the indictment, on the ground that it alleged five separate and distinct offenses. When this was overruled, appellant filed a motion to require the state to elect on which count it would prosecute appellant. In approving this bill of exceptions, the court states: "The foregoing bill is approved with this statement: That the court did not refuse to require the state to elect upon which count in the indictment he would rely for a conviction; but that he stated to the district attorney that he would require him to elect, at the close of the testimony in chief by the state, upon which count he would rely for a conviction, and at the close of the examination of the witness Mabel Smith the district attorney voluntarily elected to rely upon the fifth count in the indictment, and upon motion of defendant's counsel the court instructed the jury then and there not to consider any testimony, except that offered in the fifth count in the indictment."

In discussing the question here involved, in the case of State v. Parish, 104 N. C. 687, 10 S. E. 460, it is held:

"While the practice of requiring the prosecution to elect, in some instances, between the different counts of a bill of indictment, or between distinct transactions, each constituting the offense charged in a particular count, prevails both in England and in the different states of this country, the weight of authority has established, generally, the rule that it rests in the sound discretion of the nisi prius judge to determine whether he will compel an election at all, and, if so, at what stage of the trial. 1 Bishop's Crim. Pro. § 205; Id. §§ 6 to 9; 1 Roscoe on Cr. Ev. marg. p. 207; 1 Wharton's Crim. Law, § 423; State v. Woodward, 21 Mo. 265; People v. Baker, 3 Hill (N. Y.) 159; State v. Haney, 19 N. C. 390. * * * The better rule for the exercise of this discretion is that the election ought to be made, not merely before the case goes to the jury, as it is sometimes laid down, but before the prisoner is called on for his defense at the latest. Roscoe, Cr. Ev. marg. p. 208; Bishop's Cr. Pro. § 215; State v. Smith, 22 Vt. 74. It is true that a different rule was adopted in Michigan, and in the interpretation of one particular statute in Alabama. But the courts of those states stood almost alone in so limiting the sound discretion of the trial judge, and especially in driving the prosecution to an election before any evidence is heard, or at an early stage in its development. State v. Czarnikow, 20 Ark. 160; Kane v. People, 8 Wend. (N. Y.) 203; State v. Flye, 26 Me. 312; State v. Haney, 19 N. C. 390; State v. Reel, 80 N. C. 442.

"There has been less controversy about the exercise of the legal discretion, where testi-

mony as to various transactions, each one constituting, if the evidence is believed, a misdemeanor, has been heard. In such cases, nearly all the courts conceded the right of the presiding judge, in his discretion, to refuse to drive the prosecution to the election at all; but some go so far as to doubt the power of the court to compel an election. 1 Bish. Crim. Pro. § 209; Kane v. People, supra. This court has repeatedly held that the presiding judge might, in his discretion, hear the evidence on a number of counts in a single indictment charging felony, or 'on a number of distinct bills, treating each as a count of the same bill,' and refuse to require the solicitor to elect till the close of the evidence for the state. State v. Hastings, 86 N. C. 596; State v. Dixon, 78 N. C. 558; State v. Watts, 82 N. C. 656; State v. Haney, supra; and State v. Reel, supra.

"In State v. McNeill, 93 N. C. 552, Justice Merrimon, delivering the opinion, says: 'So that *distinct felonies of the same nature* may be charged in *different* counts in the same indictment, and two indictments for the same offense may be treated as one containing different counts, subject to the right of the defendant to *move to quash*, in case of *inconsistent* counts, and the *power of the court* to require the prosecuting officer to elect the count or indictment on which he will insist. This certainly may be done, and we can see no substantial reason why the same rule of practice may not apply to several indictments against the same parties for like offenses, when the just administration of criminal justice will thereby be subserved.' In State v. Haney, supra, Judge Gaston says: 'It is, however, in the discretion of the court to quash an *indictment or compel the prosecutor to elect* on which count he will proceed, when the counts charge offenses actually distinct and separate.'

"In State v. Morrison, 85 N. C. 561, Justice Ruffin, for the court, says: 'The common-law rule is that, if an indictment contains charges distinct in themselves, and growing out of separate transactions, the prosecutor may be made to elect, or the court may quash.'"

It is seen that the court did not overrule the motion to require the state to elect, but stated to the district attorney that the court would require him to elect at the close of the testimony for the state in chief, and the district attorney did make an election at the close of the testimony of the first state's witness, and before the defendant was required to introduce any testimony, and the court instructed the jury that defendant was on trial only under the fifth count in the indictment. McKenzie v. State, 32 Tex. Cr. R. 568, 25 S. W. 426, 40 Am. St. Rep. 795; Reagan v. State, 28 Tex. App. 227, 12 S. W. 601, 19 Am. St. Rep. 833.

In Dalton v. State, 4 Tex. App. 333, it is held: "Both by precedent and authority, the rule is now well settled 'that it is permissible to charge, in separate courts, two or more offenses in the same indictment.' 1 Bishop's Cr. Proc. c. 32; 1 Archb. Cr. Proc. § 39. And Mr. Wharton says it cannot be objected in error that two or more offenses of the same nature, on which the same or a similar judgment may be given, are contained in different counts in the same indictment; nor can such objection be maintained, either on demurrer or arrest. 1 Whart. Cr. Law, § 415. And again: 'In cases of felony, when two or more distinct offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect on which charge he will proceed; but such election will not be required to be made where several counts are introduced solely for the purpose of meeting the evidence as it may transpire; the charges being substantially for the same offense.' 1 Whart. Cr. Law, § 416; Weathersby v. State, 1 Tex. App. 643; Dill v. State, 1 Tex. App. 278; Waddell v. State, 1 Tex. App. 720. As to the time when an election should be made, the authorities are not agreed. Our Supreme Court, in Lunn v. State, 44 Tex. 85, says: 'The prosecuting officer should not be required to make the election before he has examined the witnesses far enough to identify the transactions to which the testimony relates, without going into details. When this has been done, the election should then, as a general rule, be made before defendant offers his evidence.' That case, however, was essentially different from the one we are considering, in this respect: That not only were two distinct offenses charged in the indictment, but it was further shown that the hogs were not all stolen on one occasion, but at different times. The necessity for an election in such a case is too apparent for comment."

It is thus seen that whether an indictment, containing more than one count charging different felonies, will be quashed, or the state required to elect upon which count it will prosecute, is a matter within the discretion of the trial court; and, the court, in this instance, having notified the state's counsel he would be required to elect as soon as the testimony was developed sufficiently to enble him to do so, there was no such error in this matter as should cause a reversal of the case, inasmuch as we have held that in this character of case all the evidence would be inadmissible under one count in the indictment.

The prosecuting witness testified: "My name is Mabel Smith. * * * I know what my father has been arrested for, and what he is charged with. During the last 12 months out there, my father had sexual intercourse with me. My father had sexual intercourse with me along during the months of November and December, 1909. This occurred in the house, in the house that we lived in—out here where we live. I know it is a fact that he had intercourse with me during the month of November or December

of 1909. He had intercourse with me at night. He did have carnal intercourse with me by force. During the 12 months intervening from the first of November, 1909, up to the time of my father's arrest, he had intercourse with me at different times. He had intercourse with me during that time about twice or three times a week. He did this during the last year that I lived with him. He had intercourse with me during each month of the present year, beginning from January 1st up to the time that he was arrested, and as many as twice or three times a week in each month. All of these acts of intercourse occurred in the house and in the bed. I never had intercourse with my father in the daytime. I never had intercourse with my father at any other place, except in the bed there at home. My father said that he would kill me if I told it. My father has threatened me with a gun and with a knife. It was in August that he threatened me with a gun—August of this year—it was the 5th day of August that he threatened me with a knife. That did not occur over our having intercourse. I do not know what that was about, and I do not reckon he does.' There were two beds in the home that we occupied. There were two children besides myself there. The two children slept in the other bed. Van Smith and myself slept in the other bed. We have been continuously sleeping together during the past 12 months."

[2] We have recently had the question before us whether or not, under such circumstances as here shown, more than one act of intercourse could be offered in evidence. For a discussion of this question, and the decisions of this and other states, see the case of Battles v. State, 140 S. W. 786, opinion on motion for rehearing. The court did not err in permitting all acts of intercourse to be shown in this case.

[3] However, we are constrained to agree that the case should be reversed and remanded. It will be noticed that in the testimony of the prosecuting witness she states that all the acts of intercourse took place at night; that "there were two beds in the home that we occupied. The two children slept in one bed. Van Smith and myself slept in the other bed. We have been continuously sleeping together during the past 12 months." The defendant denied ever having had sexual intercourse with his daughter, and denied having slept in the same bed with her. The defendant filed a motion to continue the case on account of the absence of his son, Claude Smith, who was temporarily in Oklahoma. The motion was overruled, and defendant telegraphed his son to come; but the son did not arrive until the verdict was rendered. This son is 17 years of age, and in affidavit filed he swears that during all his life, until about four months before the trial, he had resided continuously with his father; and that he knows that the defendant and the prosecut-

ing witness, Mabel Smith, never at any time slept together, as alleged by her. This testimony, if true, would have broken down the state's case, and, as this was the first application for a continuance, it should have been granted. Especially is this true in this case; appellant not being able to employ attorneys to defend him, but the attorneys who have vigorously prosecuted this appeal doing so under appointment of the court. The appellant was indicted October 28th, counsel appointed to defend him on October 31st, and the case called for trial November 11th. It appears that this son and other witnesses named in the application were beyond the state lines temporarily, and while, perhaps, an effort ought to have been made to secure their depositions, yet, in view of the materiality of this testimony, if true, that appellant is shown to have made efforts to secure the attendance of his son, and he had reasonable expectation of doing so, and the son was prevented by sickness from attending court earlier than he did, and the further fact that he had no attorney to represent him until the court made an appointment, we are inclined to think the case should be reversed and remanded, but not upon the grounds stated in the opinion of the presiding judge.

DAVIDSON, P. J. (dissenting). I agree with my Brethren that the judgment should be reversed for the error of the trial court in refusing to grant the continuance asked by appellant. I do not care to discuss it. I think the opinion of the majority is correct upon this proposition.

I desire to enter my dissent, however, to that portion of the opinion which holds there was no error in the refusal of the court to quash the indictment, and, failing in that, to sustain the various exceptions of appellant with reference to refusals on the part of the trial court to require the state to elect upon which count the prosecution would be had; also in the admission of testimony in regard to the different transactions set forth in the different counts. The indictment contained five counts, charging appellant with rape upon his daughter. The first count charges him with having ravished his daughter about the 1st of November, 1909; the second, on the 1st of January, 1910; the third, on the 1st of May, 1910; the fourth, on the 1st of July, 1910, and the fifth, on the 15th day of August, 1910. When the case was called for trial, appellant moved to quash the indictment, because it set up five different, distinct, and separate felonies. Several objections were urged. This was and is a concrete expression of the reasons for the motion to quash. This was overruled. Appellant excepted. He then filed a motion to require the state to elect, before proceeding with the trial, upon which count the conviction would be asked. This was overruled,

and exception reserved. The prosecuting witness was placed upon the stand, and, over objection of appellant, was permitted to testify to an act of intercourse, on the part of her father with her, supporting each separate count in the indictment. The question was then asked if her father had intercourse with her in November, in January, in May, in July, and in August, the dates specified in the different counts. Over the objection of appellant, she was permitted to answer in the affirmative in detail each question. Appellant reserved his bills.

Motion was then made by appellant to require the state to elect upon which transaction the state would proceed. This was overruled, and exception was reserved. At the conclusion of the testimony of the prosecuting witness, the court certifies to one of the bills of exception that the state then elected, of its own motion, to ask conviction on the fifth count, to wit, the act charged to have occurred on the 15th day of August, 1910. Where distinct felonies are charged in separate counts in an indictment, shown by and on the face of the counts contained in the indictment to be different transactions, the court should sustain the motion to quash; or, in the event he should decline to do this, then he should require the state to elect upon which one of the counts the prosecution should proceed. Appellant sought to have the state to comply with these phases of the law. The court overruled all of his motions. Under our decisions and the authorities, this was error. McKenzie v. State, 32 Tex. Cr. R. 568, 25 S. W. 426, 40 Am. St. Rep. 795. The rule laid down in the McKenzie Case seems to be the one generally followed; at least, it is so in this state. This is in accordance with the rule laid down by Mr. Bishop, as well as by the courts generally. See Cyc. vol. 22, p. ——.

Again, the motion of appellant to require the state to elect upon the development of the testimony when it was first discovered that more than one act occurred should have been sustained. It was not proper nor legal to develop these five transactions before the jury, and then wait until the conclusion of the testimony of the prosecutrix for the state to elect. The facts with reference to all of these different transactions were by this means introduced and placed before the jury. The harmful effect of this is clearly demonstrated by the fact that the jury did not award appellant the minimum punishment, which is 5 years, but gave him 15 years in the penitentiary, or 10 years in excess of the lowest penalty. It has been held by the decisions of this court, as well as by those of the Supreme Court, in the history of each court, that, where different transactions are developed on the trial, even where the indictment contains but one count, it is the duty of the court to require the state to elect upon which transaction the conviction will be asked, especially where appellant has requested such election. Lunn v. State, 44 Tex. 85; Fisher v. State, 33 Tex. 792. These two cases have been followed by all the cases on this question since their rendition. In regard to rape, this very question was decided by this court in Batchelor v. State, 41 Tex. Cr. R. 501, 55 S. W. 491, 96 Am. St. Rep. 791; Williams v. State, 44 Tex. Cr. R. 316, 70 S. W. 957; Powell v. State, 47 Tex. Cr. R. 155, 82 S. W. 516, 122 Am. St. Rep. 683; Stone v. State, 45 Tex. Cr. R. 91, 73 S. W. 956, approved in Gelber v. State, 56 Tex. Cr. R. 460 at page 464, 120 S. W. 863; Bader v. State, 57 Tex. Cr. R. 293, 122 S. W. 555; Stone v. State, 45 Tex. Cr. R. 91, 73 S. W. 956. Had there been but one count in the indictment, the state would not have been permitted to develop the five transactions elicited from the prosecutrix. It would have been reversible error, even under that condition of the record; but that error is intensely magnified under the indictment and the conditions found in this record. Here we have five different and distinct offenses alleged, occurring at different times and dates, and at considerable intervals, and each one goes before the jury over proper protest.

The rule laid down in the cases cited has been plainly disregarded by the trial court and by this court in overruling appellant's contentions in regard to the use of the independent offenses against him. The Constitution and our statute guarantees to a party on trial for his life or liberty a fair trial, and on the facts of a particular transaction. The state will not be permitted to condense into one indictment various and sundry transactions, covering different periods of time and different and distinct offenses, in order to get the facts in regard to the other transactions before the jury, and then when this is done to require the state to elect upon which transaction she will proceed, after proving all of them. This evidence was not even withdrawn from the jury. After the testimony of the prosecuting witness was heard, the court certifies that the prosecuting attorney, of his own volition, elected the last count as a predicate for conviction, thus leaving all prior facts in evidence before the jury, and by this election it was sought to and did, cut off the defendant from meeting, as best he could, by testimony showing the prior transactions to be false. If there could be a grosser matter of injustice and unfairness, it would exhaust human ingenuity to discover it. One of the absurd phases of injustice, if it was not for the seriousness of it, is found in the fact that all of the prior transactions were elicited before the jury, and the defendant, by the election of the state, was cut off from meeting these prior transactions by counter evidence. Not only so, it permits the state to review all of these prior transactions and the derelictions for months, get the facts before the jury, and permit them to remain,

which calls upon the defendant to meet those transactions with testimony, and, after the state has ransacked these derelictions coming within the period of limitation, to select that which is thought by the prosecution to be the strongest, and this without permitting the defendant to rebut these matters. If this rule, inaugurated by my Brethren in this decision, applies to the crime of rape, there would seem to be no just reason why it could not be made to apply to any and all other derelictions of the law, especially so where the parties are the same. It was so held in a theft case decided quite recently. See Gowans v. State, 143 S. W. ——.† It was necessary in the Battles Case, decided by this court recently, for the majority of this court to overrule all the decisions ever rendered in Texas on this question, and inaugurate a new line of jurisprudence plainly in violation of the Constitution and the language of the statutes. This is more than an unjust proposition, and is the basis for downright, palpable injustice. It would seem in the Battles Case that my Brethren, in order to justify the introduction of these sundry and divers acts of intercourse, where the girl was under 15 years of age, held that the statute of rape on girls under 15 was practically the same and synonymous with fornication. I do not care to pursue the matter further, because the incongruities and absurdities in the Battles Case and in this case will manifest themselves to the thoughtful profession.

I therefore respectfully enter my dissent.