### Ildefonso Mora v. The State.

No. 3092.    Decided April 15, 1914.

Rehearing denied May 13, 1914.

**1.—Rape—Sufficiency of the Evidence.**

Upon trial of rape upon a female under the age of consent where the evidence sustained the conviction, there was no error on that ground.

**2.—Same—Evidence—Confessions—Marriage.**

Upon trial of rape, there was no error in showing that the prosecutrix was not married to the defendant, and the objection that the testimony was not sworn to was untenable, as this fact was admitted in open court by the confessions of the defendant.

**3.—Same—Charge of Court—Objections.**

Objections to the charge of the court must be made before it is read to the jury, and it is too late to complain thereof in a motion for new trial.

**4.—Same—Election by State.**

Where, upon trial of rape, different acts of sexual intercourse were in evidence and the defendant filed a motion in due time to require the State to elect upon which act of intercourse it would rely for a conviction, the motion should have been sustained, and it was reversible error not to do so, especially, where the court charged otherwise. Following Battles v. State, 63 Texas Crim. Rep., 147.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

C. A. McLean and N. A. Rector, for appellant.—On question of different acts of sexual intercourse: Batchelor v. State, 41 Texas Crim. Rep., 501, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age, and his punishment assessed at five years confinement in the State penitentiary.

The first ground in the motion for new trial contends that the evidence is insufficient because no witness named the year in which prosecutrix was born. The evidence amply shows that she was under fifteen years of age, for while the year of birth was not named, yet it was fixed by an event, and the date of this shown, and it would be immaterial under such circumstances whether or not she gave her consent to the act of intercourse. Penetration was testified to by the girl, and admitted by appellant in his confession introduced in evidence. So this fact was sufficiently proven.

As to there being no sworn testimony that Raquel Ojeda was not married to defendant, this was admitted in open court on the trial of this case. The evidence amply supports the verdict, and under the testimony in this case there was no error in admitting the confession in evidence.

This case was tried in December of last year, and no objections were made to the charge as given during the trial of the case and before it was read to the jury, and it is too late now to complain of the charge for the first time in the motion for new trial.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 13, 1914.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in this cause, in which he calls our attention to the motion made to require the State to elect upon which act of intercourse it would rely in asking for a conviction. In some way we overlooked this motion. There is no judgment in the record upon it, and it is not recited in the index to the record. The bill in the record terms it a special charge, and it is not included in the bill, but attached thereto as an exhibit, after another special charge. The record should contain the court's judgment thereon, but it does not do so, and the only way we can determine that it was called to the attention of the trial judge, is that, at the bottom of it it is marked "refused." In prosecutions for rape on a girl under fifteen years of age, where the parties stand in relationship to each that these parties did, all acts are admissible in evidence. Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783. But as we said in that case: "The State at the conclusion of the testimony should be required to elect upon which specific act it would rely for a conviction, and the court in his charge, properly limit the application of the testimony as to other acts of intercourse, acts of intimacy, etc. This is the rule as we understand it in other criminal offenses, and we see no reason why it should be different in the case of rape of a child."

Appellant having timely filed his motion to require the State to elect, the court should have sustained that motion, and erred in not doing so. Bader v State, 57 Texas Crim. Rep., 293; Powell v. State, 47 Texas Crim. Rep., 155; Stone v. State, 45 Texas Crim. Rep., 91; Batchelor v. State, 41 Texas Crim. Rep., 501. And the error in not doing so is emphasized in the charge of the court. All acts were shown to have taken place during the previous year, and after overruling the motion and .refusing to require the State to elect, the court instructed the jury to find appellant guilty, if they found he was guilty of an act of intercourse with the girl "at any time within one year before the 14th of November, 1913," thus authorizing a conviction on any one of the four acts testified to by the witness.

Motion for rehearing is granted, and the judgment of affirmance is now set aside, and the judgment. of conviction is reversed and the cause remanded.

*Reversed and remanded.*