### Chris Keck v. The State.

#### No. 6437.   Decided November 2, 1921.

**1.—Rape—Age of Consent—Indictment.**

While the statute fixes the age of consent to be eighteen years, and the indictment alleged that the female upon which the rape was committed was under fifteen years, there was no error to overrule a motion to quash on that ground. Following Young v. State, 89 Texas Crim. Rep., 230.

**2.—Same—Election by State—Definition of Offense—Separate Offense.**

Each act of carnal knowledge is a separate offense, and several acts of carnal knowledge are no part of a continuing offense, as in adultery, and where defendant moved for the State to elect upon which act of carnal knowledge it would demand a conviction, which motion was overruled by the court, who instructed the jury authorizing the conviction upon either of the acts proved, the same was reversible error. Following Batchelor v. State, 41 Texas Crim. Rep., 501, and other cases.

Appeal from the District Court of Montague. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Alcorn & Jameson,* for appellant.—On question of election by State: Dodd v. State, 201 S. W. Rep., 1016, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Lee v. State, 162 S. W. Rep., 843; Serop v. State, 154 id., 557.

MORROW, PRESIDING JUDGE.—The judgment condemns appellant to confinement in the penitentiary for a period of five years for the offense of rape.

The statute defining the offense makes penal carnal knowledge of a female under the age of eighteen years, with or without her consent. Penal Code, Art. 1063; Acts of 35th Leg., 4th Called Session, Chap. 50.

In the indictment, the age of the female was charged to have been under fifteen years. There was no error in refusing to quash the indictment. Young v. State, 89 Texas Crim. Rep., 230, 230 S. W. Rep., 414. According to the State's proof, the female was under fifteen years of age, was not the wife of the appellant, and he had carnal knowledge of her twice upon the same day, an hour or more intervening between the two acts proved. There was also testimony of acts of intercourse on former occasions.

The appellant, at the conclusion of the testimony, by motion, sought to compel the prosecution to elect upon which of the acts it would demand a conviction. The denial of this request is made the subject of complaint and is properly before us for review. Each act of carnal knowledge was a separate offense. The several acts were not parts of a continuing offense as in adultery. Batchelor v. State, 41 Texas Crim. Rep. 501; Powell v. State, 47 Texas Crim. Rep., 155; 52 S. W. Rep. 516.

The court instructed the jury to convict if, on or about the 20th day of August, 1918, appellant had carnal knowledge of the prosecutrix, thus definitely authorizing a conviction upon either of the acts proved. Upon similar facts, in the Bader case, 57 Texas Crim. Rep. 293 (122 S. W. Rep. 555), it is said:

"Under all of the authorities, which are both numerous and uniform, this motion should have been granted."

Batchelor v. State, 41 Texas Crim. Rep. 501; Powell v. State, 47 Texas Crim. Rep. 155; Stone v. State, 45 Texas Crim. Rep. 91. See also Golden v. State, 72 Texas Crim. Rep. 23; Mora v. State, 74 Texas Crim. Rep. 26; 167 S. W. Rep. 345; Wharton's Crim. Proc., Vol. 1, Sec. 343; Bishop's Crim. Proc., Vol. 1, Sec. 559; Cyc. of Law & Proc., vol. 33, p. 1500. The facts in the instant case bringing it definitely and clearly within the rule of law generally prevailing and often sanctioned by this court, it would be unprofitable to enter into a discussion of the reasons supporting the rule. It is enough to say that it is designed to secure to the accused the right to identify the charge against which he is called upon to defend, and furnish a means of combatting another prosecution for the same offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*