WILL BATCHELOR v. THE STATE.

No. 1911. Decided February 14, 1900.

1. Rape—Several Acts—Election by State.

On a trial for rape upon a female under 15 years of age, and several distinct acts of illicit intercourse are proven, it is error to refuse to require the State to elect upon which act a conviction would be claimed.

2. Same.

Rape is not a continuous offense. Each act constitutes a distinct offense.

APPEAL from the District Court of Hood. Tried below before Hon. J. L. STRAUGHAN.

Appeal from a conviction of rape; penalty, ninety-nine years imprisonment in the penitentiary.

The indictment charged appellant with the rape of one Laura Batchelor, on the 1st of March, 1899, the said Laura Batchelor being a female under the age of 15 years, etc. Appellant was the father of the alleged injured female.

No further statement is required in view of the case as made on this appeal.

No brief for appellant has come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for the State.—Bill number 1 complains of the action of the court refusing to force the State to elect as to the particular transaction or act of carnal intercourse relied upon for a conviction. The bill shows that the motion to elect as to the transaction relied upon was not made until after appellant had concluded his testimony.

It is conceded by the State that where under two counts in developing the evidence, if it appears that two distinct offenses have been committed, then the State is required to elect as to which one it relies on for a conviction; and under such circumstances, the other offense is to be excluded from the jury's consideration, because as a general rule the same is not admissible. Pisano v. State, 34 Texas Crim. Rep., 63; Shuman v. State, 34 Texas Crim. Rep., 69.

The evidence of the extraneous crime, when the rule in the two cases above cited is invoked, not being admissible, the correct practice is as stated in the Shuman case, supra, where it states, that under such circumstances, "The court will control the proof and confine the evidence to but one transaction." How is this to be done? By a motion at the proper time excluding the extraneous crime from the jury's consideration, but request should be made at the proper time. If not, then it should be controlled in the court's charge.

If, however, the evidence of the extraneous crime is admissible, as in the case at bar, the last rule is the only one left, to wit, to control the effect of said evidence in the court's charge.

It goes without argument that the previous acts of intercourse be-

tween appellant and his victim were admissible. The exact question has been decided and such evidence admitted in this case without complaint. Taylor v. State, 22 Texas Crim. App., 529.

But in the Taylor case, supra, it was said: "But where, however, this is permissible, it is always important that the charge of the court should properly limit and restrict the jury in their consideration of such testimony exclusively to the purposes of its admission, lest they should give it unwarranted weight as evidence proving the main fact." Evidence going to show motive scienter, and to develop the res gestae, is not a collateral inquiry. Hudson v. State, 28 Texas Crim. App., 341.

It is therefore, when admissible, a fact not collateral, but going distinctly to prove the charge alleged; and it is within the realm of the court's charge alone, and under such cases the doctrine of election does not apply. People v. Jenness, 5 Mich., 305.

In the above case, which is perfect in its analogy, on page 321, the court says: "This is not showing the commission of other merely similar offenses, but a repetition of the same offense between the same persons and in all its similar features necessarily identical." And in that case the doctrine that it belongs to the realm of the court's charge to limit the consideration of the jury to one transaction is recognized. The authorities first cited (Pisano and Shuman cases) are dicta as to the doctrine of election of transactions. And they do not assert that appellant's rights were to have by motion and election, or that he should, as contended by the State, request a special charge limiting the extraneous crimes. As to which crime is the one declared upon by the State, the rule is clearly laid down in the Jenness case, supra, as follows:

"The charge in the information was for a single act of incestuous intercourse, committed at the city of Detroit, on the 24th of February, 1858; but the time stated was not material; and, under the well settled rule in criminal cases, the prosecution, before the evidence was introduced, might have selected any one act of such criminal intercourse which occurred within the jurisdiction of the court, and within the period of the statute of limitations applicable to the offense. It was not a case in which the court could compel the prosecutor to elect, because the charge, on the face of the information, was confined to a single act.

"It was not claimed by the prosecution, and could not legally be claimed, that it was competent to convict the defendant of more than one act under this information. But the prosecutor having the right to select among all the acts of the kind which he could prove to have been committed between the parties, within the period of time alluded to, and within the jurisdiction, any one of those acts, before evidence had been introduced, was as properly the act charged in the information as any other. In other words, until evidence of some such act had been given, the charge in the information was floating and contingent, aimed as much at one as another, and at no one act in particular; and

it remained for the evidence to point the charge to the particular act intended. But when evidence had been introduced tending directly to the proof of one act, and for the purpose of procuring a conviction upon it, from that moment that particular act became the 'act charged.' What had, till then, been floating and contingent, had now become certain and fixed. The prosecutor had made his election, and could not elect again; nor could he be allowed to prove any other act of the kind as a substantive offense upon which a conviction might be had in the cause. The information could be used as a drag net only till the first act had been entangled in its meshes; every other act must be allowed to escape this throw of the net, and thenceforward the evidence must be aimed at this act. If others of the same kind lie in the same range, they can only be noticed for a secondary purpose, as they may be connected with or bear upon this."

It is therefore submitted that the Tolar transaction was the one that the State declared upon, and the others should have been limited by the court's charge.

But the State submits that, failing to except to the court's charge in omitting to so limit same, and failure to request special instructions on same, the appellant can not be heard to complain, especially as no injury is shown. Art. 723, Acts 1897, Code Crim. Proc..

The court charged the law in this particular, as was recommended in Owens v. State, 39 Texas Crim. Rep., 391.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape upon Laura Batchelor, a female, being then and there under the age of 15 years, and not his wife, and his punishment assessed at confinement in the penitentiary for a term of ninety-nine years. The testimony shows several acts of intercourse between the parties in Hood County, besides some prior acts in another county. When the testimony was all in, appellant moved the court to require the State to elect upon which act of intercourse it would rely for a conviction. This was overruled. This was erroneous. It is true, the court confined the jury in their deliberations to the acts in Hood County, but as stated, there were several of these occurring within the twelve months. Rape is not a continuous offense. Each act of intercourse constitutes a distinct offense. The question involved was thoroughly discussed in Lunn v. State, 44 Texas, 85, and was previously decided in Fisher v. State, 33 Texas, 792. The doctrine announced in these cases has been followed in this State without a variant opinion. Upon another trial it would be better for the court to limit the effect of those acts not relied upon for conviction. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*