## H. Gelber v. The State.

### No. 4112.    Decided June 9, 1909.

**1.—Selling Intoxicating Liquors to Minor—Charge of Court—Age of Minor.**

Where upon trial for selling intoxicating liquors to a minor, the evidence showed want of knowledge on the part of the defendant that the purchaser was a minor, the court erred in failing to submit this issue to the jury, as requested.

**2.—Same—Evidence—Motive of Witness.**

Upon trial for unlawfully selling intoxicating liquors to a minor, the court erred in not admitting testimony of the animus of prosecuting witnesses.

**3.—Same—Evidence—Credibility of Witness—Animus of Witness.**

Upon trial for unlawfully selling intoxicating liquors to a minor, the court erred in excluding testimony as to insulting conduct of the prosecuting witness toward the daughter of the defendant, and that he was thereupon driven from defendant's premises; to show motive of prosecuting witness, and also attacking his credibility.

**4.—Same—Evidence—Age of Minor—Knowledge of Defendant.**

Upon trial for selling intoxicating liquors to a minor, the court erred in rejecting testimony as to the acts and conduct of the alleged minor at the time of the alleged sale, to show that the sale was not knowingly made by defendant to a minor.

**5.—Same—Evidence—Election by State—Charge of Court.**

Where upon trial for selling intoxicating liquors to a minor the evidence showed two distinct transactions on the same day, the State should elect, or the charge of the court should specifically point out the transaction upon which defendant was being tried and limit the jury to same.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of unlawfully selling intoxicating liquors to a minor; penalty, a fine of $50.

The opinion states the case.

*Taylor & Gallagher,* for appellant.—On question of showing animus of witness: Mason v. State, 7 Texas Crim. App., 623; Sager v. State, 11 Texas Crim. App., 110; Watts v. State, 18 Texas Crim. App., 381; Bonnard v. State, 25 Texas Crim. App., 173; Owens v. State, 96 S. W. Rep., 31; Sue v. State, 52 Texas Crim. Rep., 122, 105 S. W. Rep., 804. On question of defendant's knowledge of the age of the minor: Hunter v. State, 18 Texas Crim. App., 444; Ferguson v. State, 50 Texas Crim. Rep., 155, 95 S. W. Rep., 111. On question

of State's election: Street v. State, 7 Texas Crim. App., 5, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged and convicted of selling and giving liquor to a minor in violation of section 19, of what is popularly known as the Baskin-McGregor law, page 266, General Laws of the Thirtieth Legislature. By the terms of this law any dealer in intoxicants who shall knowingly give or sell or barter, etc., intoxicants to a minor shall be deemed guilty and punished as provided by that act.

The State introduced the alleged purchasing minor, Guy George, and his two brothers, Arthur and Luther, to sustain the allegations of the information. Other evidence was introduced as well. The evidence for the State took rather a wide range in regard to the sale by the defendant and different members of his family. Appellant testified in his own behalf and introduced members of his family. Their testimony is to the effect that he did not sell intoxicants to Guy George. It is unnecessary to go into a detail of all the evidence of the different witnesses.

1. Appellant asked a special charge to the effect that if the jury should find that defendant either in person or by some one acting for him, sold intoxicating liquor to Guy George, but if they had a reasonable doubt whether the party so making said sale or sales, if any, knew at the time that said Guy George was under twenty-one years of age, they should acquit. We are of opinion that under the facts of this case this charge should have been given. The facts show that the alleged purchaser had been shaving for some time; that he had been doing his own work, making contracts and hiring himself out at the machine shops, etc. In fact, we think the evidence was sufficiently cogent to present the issue of a want of knowledge on the part of appellant that the purchaser was a minor. The testimony being sufficient to suggest or raise the issue, an appropriate charge should have been given. The requested charge, we think, was timely, and there was error in refusing it.

2. Bill of exceptions No. 1 recites that the State used Luther George, brother of the alleged purchaser, as a witness and proved by him that on the 19th day of December, 1908, at night, he was on the north side of Dutton Street, across from defendant's place of business, and saw Guy George, his brother, drink beer in appellant's place of business, and that appellant was behind the bar at the time. The State further proved by said Luther George that about ten minutes later he came back and entered appellant's beer saloon and saw Guy George drink a glass of beer set out to him by appellant's son, Marcus Gelber. This witness further testified on cross-examination that he did not think it was right for appellant to get his

brother Guy drunk and get him to spend his money, and that that was all that he had against the appellant, and that his feelings were not good towards appellant. Appellant asked the witness if it was not true that on or about Christmas night, 1908, a few days subsequent to the 19th of December, that he and his brother, Guy George, went to appellant's place of business and cursed and abused him and his family, calling them damned Jews, and further stating that they intended to clean out the whole bunch. Objection was urged by the State to this evidence that it was immaterial and irrelevant and happened subsequent to the date of the commission of the alleged offense, and that such question was not a proper one to propound to prove animus or motive on the part of the witness in this prosecution, etc. The witness would have testified had he been permitted to do so that he and his brother did go to appellant's place of business or store on or about the time in question and curse and abuse him and his entire family, calling them damned Jews, and saying that he and his brother Guy intended to clean out the whole bunch. This testimony was admissible. Mason v. State, 7 Texas Crim. App., 623; Sager v. State, 11 Texas Crim. App., 110; Watts v. State, 18 Texas Crim. App., 381; Bonnard v. State, 25 Texas Crim. App., 173; Sue v. State, 52 Texas Crim. Rep., 122, 105 S. W. Rep., 804.

3. The State having proved by Guy George the transaction in question, that is, the sale on the 19th day of December, and appellant having testified in his own behalf that he had not sold any beer to Guy George on the night in question or any other time, and having proved by his son Marcus and his wife, and his daughter that they had not sold any beer to the witness, Guy George, as testified by him, appellant then placed Winfield Boggs and Ed Ray on the stand and sought to prove by them that each of them was at defendant's place of business on a night during Christmas week, 1908, and that Guy George came there and in the presence of the witness demanded of appellant that he sell him beer, and that appellant refused to and ordered him off the premises, and that Guy George became angry and snatched a glass of beer from the hands of the witness Boggs and ran out of the store and drank the same and at the same time cursed and abused and vilified appellant and appellant's entire family. Various objections were urged by the State which were sustained by the court. The bill further recites in this connection that the complaint in the case was made by Arthur George, brother of Guy George, on the second day of January, 1909, and subsequent to the transactions sought to be proved by said witnesses. That this testimony was offered for the purpose of showing the animus of the witness, Guy George, and his feelings towards the defendant and defendant's family, and for the purpose of proving or tending to prove a conspiracy on the part of the State's witnesses, the three George brothers, to have defendant prosecuted and fined for an offense which

he denied and as affecting the credibility of said witness, Guy George. This testimony was admissible under the authorities above quoted.

4. Another bill recites that Luther George testified that he was standing across on Dutton Street and saw Guy George stand at the bar of appellant and drink a glass of beer and that he saw appellant at the same time behind the bar. He also testified that about ten minutes later he entered appellant's place of business and saw Marcus Gelber behind the bar and saw him set out a glass of beer and saw Guy George drink the same. Appellant then placed his daughter on the stand by whom he offered to prove that the said Luther George, a short time prior to the 19th of December, came to her father's saloon department when she was in charge of it and alone, and shut the doors of said department and made insulting propositions to said witness, and seized her in his arms and was in the act of throwing her down upon the floor when she screamed and called her mother; that said Luther George was driven off the premises and ordered never to return any more, and that said Luther George had not been seen by said witness upon the premises since that time. The State objected to this testimony. If Miss Gelber had been permitted to do so she would have testified to the matters offered to be proven as stated; and the bill further recites that Luther George and his brothers Arthur and Guy George testified that Guy George drank beer in appellant's place of business on the night of the 19th of December, 1908, and that appellant and all his family who were assisting him in said business denied the same by their testimony, and that this testimony was offered to show a motive in the said Luther George to so testify as he did and to show motive on his part, and also tending to show a conspiracy between the three George brothers to swear appellant had committed an offense. It was offered for the purpose of affecting the credibility of the witness Luther George before the jury. We believe under the authorities quoted above this testimony was admissible.

5. Another bill recites that Guy George after having testified that he had bought beer and having testified that he was eighteen years of age, and that he was in appellant's place of business on the 19th day of December, 1908, and that he drank beer there and that the appellant sold him some and that the appellant's daughter and appellant's son sold it to him, and having further testified that he was five feet and one half to five feet and eight inches in height, that he weighed 130½ pounds, and that at that time he had been shaving two or three times a month for two or three months, and it being further shown that said witness had represented himself to be twenty-one years of age in November preceding in order to secure a railroad job, appellant then asked him on cross-examination if it was not a fact that he, the witness, Guy George, was at the time of the alleged sale and had been for sometime prior thereto working for himself, doing a man's work and drawing a man's salary, and if it was not

a fact that the same was known to the defendant, H. Gelber, at the time. Objection was urged by the State and sustained by the court. The witness would have answered, had he been permitted to do so, that it was a fact that at the time of the alleged sale and some time prior thereto, he had been working for himself, doing a man's work, and drawing a man's wages, and that the same was known to the defendant, H. Gelber, at the time. This witness was the alleged purchaser. This testimony was offered upon the issue as to whether such sale, if any, was made, was knowingly made, and made with the knowledge that Guy George was in fact a minor and under twenty-one years of age. This testimony, we think, was clearly admissible under all the authorities.

· 6. Evidence was also introduced to show other sales made to Guy George. After the evidence was in appellant moved to require the State to elect upon which transaction they would ask a verdict. The court qualifying the bill says the State elected the 19th of December. The witness Cline testified that he was with Guy George in appellant's place of business on the 19th of December and took two glasses of beer with Guy George, and that Guy George paid for both glasses; and the witness further stated that he did not see Luther George that night, and that said Luther George did not come into the saloon department that night while he was there. The State, under the testimony, proved at least two distinct transactions occurring on the night of the 19th of December: One when Luther George was present and the other when Guy George treated Cline. These were entirely different transactions. Upon another trial we would suggest when the transaction has been selected upon which to submit the case to the jury, the charge should specifically point out and the jury in that connection should be guarded against using any other transaction as a basis for conviction. Street v. State, 7 Texas Crim. App., 5; Bradshaw v. State, 32 Texas Crim. Rep., 381; Larned v. State, 41 Texas Crim. Rep., 509, 55 S. W. Rep., 826; Walker v. State, 72 S. W. Rep., 401; Thweatt v. State, 49 Texas Crim. Rep., 617, 95 S. W. Rep., 517; Williams v. State, 44 Texas Crim. Rep., 316, 70 S. W. Rep., 957; Smith v. State, 100 S. W. Rep., 953; Batchelor v. State, 41 Texas Crim. Rep., 501, 55 S. W. Rep., 491. Without going into a discussion of these authorities or amplifying the question, we would suggest to the court upon another trial that it confine the consideration of the jury to one transaction, and limit their consideration to that one transaction.

For the errors discussed, the judgment is reversed and the cause is remanded. ·

*Reversed and remanded.*