TORIBIO GUSTAMENTE V. THE STATE.

No. 4604. Decided October 17, 1917.

**Local Option—Other Offenses—Subsequent Sale—Election by State.**

Upon trial of a violation of the local option law, where the sale as alleged
in the indictment was proved without material conflict, testimony of other
sales should not have been admitted; besides, the charge of the court was on

the weight of the evidence, as it assumed that evidence was introduced tending to show the commission of a crime. Following Reese v. State, 44 Texas Crim. Rep., 34, and other cases. The State should have elected after such evidence was admitted.

Appeal from the District Court of Atascosa.   Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at two years confinement in the penitentiary.

There are quite a number of bills of exception reserved setting out many reasons why the trial was illegal, and the judgment should be reversed. The case, briefly stated, is: Appellant was charged with selling intoxicants to Felipe Benetez on the 20th day of October, 1916. The alleged purchaser testified that on that day he bought whisky from appellant, for which he paid him 75 cents. The State proved by the same witness and other Mexicans other sales: in November, in December, and in January, 1917. The evidence of the purchasing witness was positive that he bought the whisky on the 20th of October, 1916, and there was no contradiction of his testimony in this respect, except to prove by a witness that he was working at the gin on that day. But the testimony was very little in conflict, if any, with the State's witness' testimony, because the hour which he quit work and the hour of the sale might not interfere with the testimony of the two witnesses. When the evidence of the other sales was offered appellant objected. The court overruled these objections, and the witnesses testified to the subsequent sales. Appellant then asked the court to require the State to elect the sale upon which the State would rely. All these sales occurred before the presentation of the indictment in March, 1917. This was refused by the court. Appellant then asked a special charge, in effect, withdrawing the testimony of all of the sales except the one upon which the State relied, which seems to have been that occurring on the 20th of October. This was declined, and the court corrected and amended his charge, and instructed the jury that they might consider these sales on the question of system. Objection was urged to this instruction also. In addition, objection was urged to the language of the charge as given, which is as follows:

"The jury are instructed that there has been evidence introduced in this case tending to connect the defendant, Toribio Gustamente with

other sales of intoxicating liquor than the one alleged in the indictment in this case, in Atascosa County, Texas.

"You are instructed that said evidence is only permitted to be introduced in this case for the purpose of tending to show system (if any) on the part of defendant and you will not consider same for any other purpose."

The court also instructed the jury that the defendant could not be convicted for any other sale of intoxicating liquor than that alleged in the indictment to have been made to Felipe Benetez. Exception was reserved to all of this. We are of opinion that the testimony of other sales, under the facts of this case, was inadmissible. In Wallace v. State, 66 S. W. Rep., 1102, it was held that an instruction in a prosecution for cattle theft that a certain brand was only admitted in evidence as proving ownership of the cow claimed to be the mother of the stolen calf, and that the brands placed on the calf by the owner after its recovery can only be considered, in connection with all the other evidence, for the purpose of identifying the calf, is a charge on the weight of the evidence, and erroneous. And in Brown v. State, 76 S. W. Rep., 475, it was held that, in a prosecution for violating the local option law, an instruction that all advertisements and cards of defendant published in a newspaper, the occupation license issued to defendant, together with the tax collector's record of the occupation tax paid by the defendant in L. County, introduced in evidence, could be considered by the jury for no other purpose than to show whether the defendant at the time of the sale was engaged or interested in the sale of intoxicating liquors in L. County, was erroneous, as a charge on the weight of evidence. There is quite a line of decisions which hold that where the court assumes and states in his charge that there was evidence introduced tending to prove the commission of a crime, or facts connected therewith, it is erroneous as being on the weight of the evidence. See Vernon's Criminal Procedure, vol. 2, p. 476, sec. 117, where quite a number of cases are collated holding such charge to be erroneous. Santee v. State, 37 S. W. Rep., 436; Reese v. State, 44 Texas Crim. Rep., 34; Reese v. State, 70 S. W. Rep., 424; Hollar v. State, 73 S. W. Rep., 961; Cortez v. State, 74 S. W. Rep., 907; Cavaness v. State, 45 Texas Crim. Rep., 209. We hold, therefore, first, that the court was in error in permitting, under the facts of this case, evidence of other sales; and, second, that when these sales developed, that the court should have required the State to elect upon which transaction it would rely, and if it was sufficiently done by submitting the sale of the 20th of October, then it was error not to instruct the jury to disregard all evidence of the other sales and withdrawing them from the consideration of the jury; and, third, that the court's charge, above quoted and mentioned, was on the weight of the testimony.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*