Guy Simms v. The State.

No. 7998. Decided November 5, 1924.

No motion for rehearing filed.

1.—Manufacturing Intoxicating Liquor—Evidence—of Several Transactions—State Must Elect.

It was in evidence in this cause that appellant manufactured intoxicating liquor on three different dates. Appellant moved the court to compel the state to elect upon which date he relied for a conviction. This was refused by the court, and erroneously so. Many authorities sustaining appellant's contention will be found collated by Mr. Branch in his Ann. Penal Code, page 233; also under note 33, art. 481, of Vernon's C. C. P., and cases cited in this opinion.

2.—Same—Change of Court—Accomplices.

The evidence clearly reveals that Horace Chappel was an accomplice and the court so charged the jury. There was also evidence which strongly tended to show that W. C. Chappel, his father, was an accomplice, and this issue should have been submitted under our law, and the court erred in failing to do so. Horace Chappel being an accomplice witness the charge should have also instructed the jury that if they should find W. C. Chappel to be an accomplice also, that one accomplice could not corroborate that of another.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, five years in the penitentiary.

*Joe W. Taylor,* and *Collins, Dupree & Crenshaw,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the unlawful manufacture of intoxicating liquor with punishment assessed at five years in the penitentiary.

The indictment contained one count charging that appellant manufactured intoxicating liquor "on or about" the 28th day of June, A. D. 1922.

The principal witnesses against appellant were W. C. Chappel and

his son, Horace Chappel. Appellant was a white man and the Chappels were negroes. W. C. Chappel owned some land upon which was a spring; the land being in the cedar brakes near the Brazos River. W. C. Chappel testified that appellant came to his home and asked permission to locate a still for the manufacture of whisky at or near this spring but that witness refused such permission. The evidence shows that while the senior Chappel was away from home for a few days appellant brought a still to the premises and by arrangement with Horace Chappel the son, or at least with his knowledge, located it near the spring in question. When the senior Chappel returned home appellant was operating this still which is called by the Chappels the "big still." W. C. Chappel further testified that about two weeks before the raid and arrests he had seen appellant make on the "big still" two and a half or three gallons of whisky; that witness did not himself participate in the manufacture of it. It appears that the "big still" got out of order in some way, and that some time between the date when W. C. Chappel claims to have seen appellant operating it and the time the raid was made on June 28th appellant had installed a smaller still at the same point. Horace Chappel testified that on the latter date appellant requested witness to operate this small still while appellant went to Waco to get some repairs for the larger one; that witness knew nothing about the operation of a still and that appellant showed him how to operate it and remained with him until perhaps a gallon of whisky had been run off, and that he had manufactured about five gallons before the officers arrived. He further testified that before the still was put in operation on the morning of the 28th appellant showed him two and a half or three gallons of whisky which he said he had already made. It is not quite clear from the record whether the two and a half or three gallons which Horace Chappel claims appellant showed him was the same whisky which the senior Chappel claimed to have seen appellant make on the "big still" some two weeks prior to that time, but there is no question but that the State's evidence developed two entirely different transactions, and perhaps three. The transaction testified to by W. C. Chappel was not in any way connected with the transaction testified to by Horace Chappel, but was the manufacture of whisky on an entirely different occasion in the absence of the younger Chappel. Under this state of the record appellant's attorney filed a written motion calling the court's attention to the fact that the evidence had developed separate and distinct transactions of manufacturing whisky, being separate and distinct offenses, and requested the court to require the State to elect upon which transaction it would rely for a conviction. This the court declined to do, but in his charge authorized the jury to convict appellant if they believed he manufactured intoxicating liquor "on or about" the 28th day of June, 1922. There is no restriction in the charge confining the

98 T. C.—23.

jury to either one of the transactions testified about and the charge given authorized the jury to convict on any or all of the transactions in evidence. The failure of the court to require the State to elect is error which requires a reversal. Many authorities sustaining appellant's contention will be found collated by Mr. Branch in his Ann. Pen. Code, near the bottom of page 233, under the following statement:

"If the testimony develops more than one separate transaction, the State should be required to elect as to which one it would rely upon for a conviction." Other authorities will be found cited under Note 33, Art. 481, of Vernon's C. C. P. See, also, Gustamente, —— Tex. Crim. Rep., 197 S. W. 998; Gelber v. State, —— Tex. Crim. Rep., ——, 120 S. W. 863; Larned v. State, —— Texas Crim. Rep., ——, 55 S. W. 826; Batchelor v. State, —— Texas Crim. Rep., ——, 55 S. W. 491; Crosslin v. State, 90 Texas Crim. Rep., 467, 235 S. W. 905. Many authorities are referred to in the foregoing cases. So far as we are aware it has been uniformly held that where the evidence develops the commission of more than one felony in separate transactions accused may request an election by the State as to which one it will rely upon for a conviction, and that to refuse the request is error.

Horace Chappel was unquestionably an accomplice under the law and was so treated by the court. We think the court not in error in declining to charge that W. C. Chappel was an accomplice, but are inclined to the view that under the facts he should have submitted this issue for the jury to determine. The latter witness testified that at the time appellant requested permission to place the still upon his premises appellant told him that by running the still for a short time he (appellant) could make enough money to pay off the balance due on witness's land. During the time the still was in operation W. C. Chappel knew appellant was using his premises for that purpose and was operating the still with wood off the premises, and made no report to the authorities regarding the matter. His failure alone to report it would not constitute him an accomplice but that fact is to be considered in connection with all the other circumstances in evidence throwing light upon his relation, if any, to the manufacture of whisky on his premises. It is further in evidence that W. C. Chappel had sold whisky to various parties, some of it prior to the time the still is supposed to have been installed on his premises by appellant, and some along about the time it was claimed to have been in operation. Under all the facts we believe the court should have told the jury under appropriate instructions to determine whether W. C. Chappel was an accomplice. (See Reed v. State, 93 Texas Crim. Rep., 18, 245 S. W. 432, and authorities therein cited.) Horace Chappel being an accomplice witness the charge should also contain an instruction that if the jury should find W. C. Chappel to be an accomplice, also that the testimony of one accomplice could not corroborate that of another.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*