# JUNE, 1925.

## WILL ARNOLD v. THE STATE.

### No. 8833. Delivered June 3, 1925.

**1.—Transporting Intoxicating Liquor—Evidence—Statement of Sheriff—Very Improper.**

Both on a former appeal of this case, and in the present appeal the record disclosed that the sheriff, while testifying for the state, said with reference to appellant that "he had the reputation of being the worst bootlegger in Washington County." It is not permissible for a witness for the state to testify as to appellant's reputation of being a bootlegger, and such testimony will continue to be *held* a reversible error.

**2.—Same—Evidence—Of Animus—Bias and Prejudice—Admissible.**

Where appellant offered to show on cross examination of the two main State's witnesses that since the former trial they had whipped the witness Elgin because of the testimony of said Elgin contradictory to the testimony of said two witnesses, it was error to exclude such testimony. The adverse party is entitled to prove declarations and acts of a witness which tend to show bias, interest, prejudice or any mental state or status which might tend to affect his credibility. Following Mason v. State, 7 Tex. Crim. App. and other cases.

Appeal from the District Court of Washington County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

Second appeal of this case, former appeal reported in 256 S. W. 919.

The opinion states the case.

*W. W. Searcy* and *B. F. Teague,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Washington County for the offense of transporting liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

This is the second appeal of this case, the first appeal is found reported in 256 S. W. 919.

As stated by Presiding Judge Morrow in that case, the evidence is voluminous and conflicting, and the appellant testified to facts which if true would have exculpated him. On the former trial of this case, the sheriff while testifying as a witness said with reference to appellant: "he had the reputation of being the worst bootlegger in Washington County." On this trial the same question is raised in a slightly different form. In view of the fact that it is necessary to reverse the case on another matter, we again call attention to the fact that it is not permissible for the witness for the State to testify as to the appellant's reputation of being a bootlegger in Washington County or elsewhere, and if this method of testifying is again persisted in by the peace officer who testified in this case, this court will be left no option but to reverse the case.

The record in the case shows that the witnesses John R. Parker and Jesse Saunders each testified for the state, and each gave damaging testimony against the defendant, while the negro witness Ben Elgin testified to matters material to the appellant's defense.

Complaint is made at the trial court's action in refusing to permit counsel for the appellant to prove by the witness John R. Parker and the witness Jesse Saunders that after the former trial of this case, that they went out on the streets of Brenham and whipped the witness Ben Elgin because of the testimony given by said Elgin contradictory to the testimony given by the said witnesses Parker and Saunders. The objection to this testimony by the district attorney was that it was irrelevant and immaterial. The bills of exception clearly show that if permitted the witnesses Saunders and Parker would have testified that they went on the streets of Brenham after the former trial and whipped the negro Ben Elgin because of the testimony given by him contradictory to their own on the former trial of this case. The bills show that among other things this testimony was offered for the purpose of showing the animus of each of said witnesses. This testimony, under all the authorities in this state, was clearly admissible. The motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or irrelevant, and it has always been the rule that the adverse party may prove declarations and acts of a witness which tend to show bias, interest, prejudice, or any other mental state or status which fairly construed might tend to affect his credibility. Mason v. State, 7 Texas Crim. App. 623. Sager v. State, 11 Texas Crim. App. 111. Bonnard v. State, 25 Texas

Crim. App. 195. Bennett v. State, 28 Texas Crim. App. 540; 13 S. W. 1005. See Sect. 163 Branch's P. C. for many other authorities.

In the case of Gelber v. State, 56 Texas Crim. Rep. 462, 120 S. W. 863, it was directly held that:

"The accused may prove that a witness who testified to material facts for the State had abused and insulted him."

The testimony offered in this case to the effect that the witnesses who had testified to very hurtful matters against the appellant had beaten up one of the appellant's witnesses because his testimony had contradicted theirs, was both relevant and material to his defense in this case, and under the authorities above cited, as well as other authorities, its exclusion by the trial court was error of such magnitude as to require a reversal of this case. For the error above discussed, is is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.