# OCTOBER, 1925.

### W. C. SMITH v. THE STATE.

#### No. 9235.   Delivered October 28, 1925.

1. **Transporting   Intoxicating   Liquor—Indictment—Two   Counts—Election Necessary.**

   Where upon a trial under an indictment containing two counts, one charging transportation, and the other the manufacture of intoxicating liquor, the appellant is entitled to have the state elect upon which count it will rely for a conviction, the two counts charging separate and distinct felonies, and it was error for the trial court to submit both of such counts to the jury.  Following Bader v. State, 122 S. W. 955 and other cases cited.

2.—**Same—Continued.**

   After having submitted both counts, and the jury having returned a verdict finding the defendant guilty under both counts, this error could not be cured by the court then instructing them in a written charge not to consider the second count in the indictment, and receiving a verdict of guilty, under the first count, and for the errors noted the judgment will be reversed and the cause remanded.

Appeal from the District Court of Taylor County.   Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*T. A. Bledsoe, Oliver Cunningham,* and *J. F. Cunningham,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Taylor County for the offense of transporting liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The indictment charged two counts; the first was for unlawfully transporting intoxicating liquor and the second was for unlawfully manufacturing intoxicating liquor. The testimony showed from the State's standpoint that he transported the liquor in question on Sunday about the 4th day of May in the town of Abilene and that the day thereafter he confessed to the county attorney that he had been engaged in the manufacture of liquor at his home about twelve mile from Abilene and on that day the sheriff of Taylor county went to his said home and found part of a still or at least equipment out of which part of a still could have been made. We think it clear that the testimony was sufficient from the State's standpoint at least to show appellant's guilt of both of said offenses. We think it also clear that the offenses charged were separate and distinct felonies and had no criminal relation, one toward the other.

By bill of exception No. 1, it is shown that after both the defendant and the State had submitted their evidence and rested, the appellant requested the court to require the State to elect upon which count in the indictment it would rely for a conviction. This motion to elect was overruled and the court's ruling thereon is assigned as error. Under the authorities in this State, we think that the appellant was entitled to require the State to elect on which count in the indictment it would seek to convict him. So much has been written on the question of election between counts and between offenses in this State that we do not deem it necessary to discuss the matter at length. We content ourselves by saying that the exact question presented here was decided in the case of Bader v. State, 122 S. W. 955. Also see Banks v. State, 246 S. W., 377; Larned v. State, 55 S. W. 827; Batchelor v. State, 55 S. W. 491; Powell v. State, 83 S. W. 516; Crosslin v. State, 235 S. W. 905.

It appears from the record that the court after refusing appellant's motion to require the State to elect, submitted both counts in the indictment to the jury and instructed them that they might convict on either count and then after the argument was closed and after the jury had considered its verdict for an hour and a half, and had returned its verdict into court whereby they found the defendant guilty under both counts in the indictment, the court then instructed the jury again in a written charge telling them to not consider the second count in the indictment. This procedure was objected to by the appellant and without discussing the various reasons assigned by him as to why it was error, we think it sufficient to say that it seems to be a clear legal right that one on trial in this State has to have the State elect on which count in an indictment

it will seek to convict, provided the indictment and the proof show that said counts are two separate and distinct felonies, showing more than one separate transaction, and the appellant in this case was denied this right.

From what has been said, it follows that in our opinion the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.