WILL CRYER v. THE STATE.

No. 9325.    Delivered October 28, 1925.

Possessing Equipment—Evidence—Animus of Witness—Exclusion of, Error.

Where on a trial for possessing equipment for the manufacture of intoxicating liquor, where evidence that the two main prosecuting witnesses, shortly prior to the arrest of appellant, had shot at him, was admitted, it was error for the trial court to charge the jury not to consider such evidence. Motives, declarations and acts of a witness which tend to show bias, interest or prejudice, which might reflect on the credibility of the witness, are always pertinent, and for the error pointed out the cause is reversed, and remanded. Following Gelber v. State, 56 Tex. Crim. Rep. 462.

Appeal from the District Court of Angelina county. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*W. S. Porter, Collins & Collins, Fairchild & Redditt,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Angelina County for the offense of possessing equipment for the manufacture of intoxicating liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The State's testimony shows that one Fullbright, who is described as an "under cover" man, working with the State Rangers and one Rodriquez, a Deputy Sheriff of Angelina County, found a drum, a barrel, some buckets, mash and other equipment on a creek or branch in Angelina County and that they saw this appellant working around said equipment as if connecting it up. That these witnesses were hidden near by in the woods and that while working around this equipment the appellant picked up a shotgun and with his dog following him walked up the creek a few steps in the direction of where these witnesses were concealed and when he got in a short distance of them raised his gun in a position to shoot and that both of the witnesses shot at the appellant and both of them immediately departed for the purpose of notifying Sheriff Watts of Angelina County of what had happened. The appellant testified that he had no connection with the still but that he was squirrel hunting in the woods and that these parties without disclosing their identity or presence, fired on him while he was walking along the bank of the creek. The testimony shows that the appellant was struck in the head and in the shoulder. It also is sufficient to show that the appellant's gun was discharged and that a load of squirrel shot struck in the bushes in the direction of where the State witnesses were concealed, but appellant claims that the shots from the guns of his adversaries struck the hammer of his gun discharging it.

The witness, Fullbright, in shooting at the appellant used what is termed a Winchester automatic, loaded with No. 4, buckshot, and this witness testifies that he shot at appellant's shoulder. The record discloses that the witness, Rodriquez, used a .38 Winchester. The State relied chiefly on these two witnesses for a conviction.

In submitting the case to the jury, the learned trial judge instructed them as follows:

"Certain evidence has been introduced as to some shooting occurring along about the 17th day of August, 1923. You are charged that the defendant is not indicted for the shooting and the question of the right or wrong of the shooting is not an issue before this jury but you will try the defendant on the evidence as introduced on the charges contained in the indictment and render your verdict thereon."

The appellant objected to the giving of the charge above quoted for the reason that it took from the jury the right to consider the matters relating to the shooting in so far as they tended to show the interest, motive or bias of the State's witnesses, Fullbright and Rodriquez, and appellant made the point that since the jury are the exclusive judges of the credibility of such witnesses they had a right to view this testimony in the light of all the attending circumstances or causes which might tend to influence them, or prompt them to exaggerate the facts against the defendant, and for that

reason such matters should be properly left to the jury for a full and fair consideration of the weight to be given to the testimony of such witnesses. Appellant's contention in this respect is correct. If in truth and in fact the State's witnesses waylaid and shot at the appellant without cause or provocation, it could hardly be said that they could be considered as having no prejudice or animus against him. It has always been held that the motives which operate upon the mind of the witness when he testifies are never regarded as immaterial or irrelevant and it has always been the rule that the adverse party may prove declarations and acts of a witness which tend to show bias, interest or prejudice or any other mental state or status which fairly construed might tend to affect his credibility. Arnold v. State, 272 S. W. 798; Mason v. State, 7 Tex. App. 623; Sager v. State, 11 Tex. App. 111; Bonnard v. State, 25 Tex. App. 195, 7 S. W. 862, 8 Amer. State Rep. 431; Bennett v. State, 28 Tex. App. 540, 13 S. W., 1005, the shooting between the parties was so closely interrelated to the offense charged as to make proof of it pertinent evidence in the case for which appellant was on trial.

The exact question presented in this case was decided in accordance with the appellant's contention in the case of Gelber v. State, 56 Tex. Crim. Rep. 462, 120 S. W., 864. In the Gelber case, the court directly held that:

"The accused may prove that a witness who has testified to material facts for the State had abused and insulted him." Other alleged error complained of may not occur again in the event of another trial.

For the Court's error in refusing to permit the jury to consider the testimony of the shooting of appellant by the State witnesses, in passing upon their credibility, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.