JESSE L. CAMPBELL V. THE STATE.

No. 9930.   Delivered March 3, 1926.

**Transporting Intoxicating Liquor—Charge of Court—On Accomplice—Erroneously Refused.**

Where, on a trial for transporting intoxicating liquor, it was shown that the witness upon whom the state relied mainly for a conviction was criminally connected with the alleged crime, by receiving and concealing and storing the alcohol in question, knowing that it was being unlawfully handled by appellant, it was error to refuse to charge that such witness was an accomplice.   See Arts. 867, 678 and 670 P. C. 1925.   Following Dawson v. State 97 Tex. Crim. Rep. 408 and other cases cited.

Appeal from the District Court of Randall County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Culwell & Culwell* of Amarillo, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Randall County for the offense of transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

Briefly stated, the record discloses that the appellant went to the house of the state's witness, John E. Broadus, about midnight, and called him out, and obtained permission from said Broadus to store on said witness' premises 35 gallons of grain alcohol; that said Broadus opened the gates to the lot and the barn and assisted the appellant in stacking the alcohol in a room in the barn; that afterwards, and without the consent of the appellant, said Broadus moved some of said alcohol and concealed it at another place upon his premises; that the appellant returned to said place thereafter and carried therefrom five gallons of said alcohol.   Shortly thereafter the officers made a raid and found 30 gallons of said alcohol upon said premises of said state's witness Broadus.   The state practically relied altogether upon the testimony of said Broadus for conviction of the appellant.

The record as presented, presents but one matter which we deem necessary for our consideration, and that is the refusal of the court to charge the jury that the said Broadus was an accomplice, and they could not convict the defendant upon his testimony alone. The appellant in due time objected to the charge of the court to his failure to submit the law of accomplice to the jury, and presented special charges to that effect, which were refused by the court. We think the learned judge was in error in refusing to charge the jury in this particular, and that the evidence introduced clearly raised the issue of accomplice testimony. Under Art. 667 P. C., 1925, it is made unlawful for any person directly or indirectly to possess or receive for the purpose of sale, or to possess or receive or manufacture, any intoxicating liquor. Art. 687 of said chapter makes it unlawful for any person to keep or be in any way interested in keeping any premises, building, room, or place to be used for the purpose of storing or receiving any intoxicating liquor, and we believe that the evidence of the state as produced by the said witness Broadus, comes clearly within the provision of these articles, supra, and falls squarely within the law of accomplices, under the decisions of this state. Dawson v. State, 97 Tex. Crim. Rep. 408. Miller v. State, 97 Tex. Crim. Rep. 637. Broadus, the evidence shows, was criminally connected with the alleged crime, for which appellant was on trial, by receiving, concealing and storing the alcohol in question, after knowing it was being unlawfully handled by appellant. This would clearly constitute, and place him under the general law applicable to accomplice witnesses, and not under Art. 670 of the new P. C., exempting certain witnesses from the law of accomplices under the Dean Act. For collation of authorities, see Branch's Ann P. C. sec. 702, pp. 360-61.

For the errors above mentioned the judgment of the trial court is reversed and refanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.