GEORGE STRINGER v. THE STATE.

No. 11949.  Delivered November 7, 1928.

642

The opinion states the case.

*Oliver Cunningham* of Abilene, for appellants.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully possessing for the purpose of sale intoxicating liquor. Punishment is one year in the penitentiary.

The witness Moore testified that on two occasions appellant had delivered intoxicating liquor to Mrs. C. E. Montgomery—one transaction in July, 1927, the other in January, 1928—and that witness had acted with Mrs. Montgomery in selling the whiskey and was under indictment for it. The witness May Laughlin testified that in September, 1927 she went to Fort Worth in a car with appellant, Mrs. Montgomery and Luther Smith; that appellant brought back whiskey in the car with them to Abilene and delivered some of it at Mrs. Montgomery's house the morning after their return.

The indictment was returned on the 27th day of January, 1928. On January 28th the court made an order setting the case for trial on February 6th. On January 30th appellant procured process to be issued for Luther Smith and Mrs. Montgomery. When the case was called for trial appellant presented an application for continuance because of the absence of said witnesses and averred in the application that the witness May Laughlin would testify upon the trial to the facts set out in the first paragraph of this opinion as her evidence, and that Smith and Mrs. Montgomery if present would testify that no such transaction occurred. The process was not attached

to the application and there is no showing therein that the process was ever delivered to any officer to be served. In this respect the application is wholly insufficient. See Beezley v. State, 1 S. W. (2d) 903 and cases cited. Many other authorities will be found collated under Note 5, Art. 543, Vernon's C. C. P., Vol. 1. Attached to appellant's motion for new trial is the affidavit of the witness Smith to the effect that if present at the trial he would have testified to facts controverting May Laughlin's evidence. Such affidavit in no way supplements the defect in the application for continuance heretofore alluded to. Brannan v. State, 1 S. W. (2d) 279.

It was appellant's contention on the trial and is here that the evidence of the witness Moore either made him an accomplice witness as a matter of law, or raised an issue of fact upon the question. The charge was excepted to because omitting any instruction upon the subject. As supporting his position appellant cites Dawson v. State, 97 Tex. Cr. R. 408, 261 S. W. 1050; Hollis v. State, 100 S. W. 521, 271 S. W. 900; Dean v. State, 102 Tex. Cr. R. 646, 279 S. W. 461; Campbell v. State, 103 Tex. Cr. R. 548, 281 S. W. 200. We recognize as correct the principle announced in those cases but think it has no application under the present facts. Under Moore's testimony it is shown that appellant delivered whiskey to Mrs. Montgomery on two occasions, upon one of which the witness conveyed it from appellant's car into the house and concealed it. The inference is that on both occasions appellant sold whiskey to Mrs. Montgomery and that Moore had knowledge of the transaction, and may even have been a co-purchaser with Mrs. Montgomery. The evidence is positive to the effect that Moore aided Mrs. Montgomery in the subsequent sale of the whiskey so delivered by appellant and was at the time of the present trial under indictment for selling some of said liquor. The record does not suggest that appellant had any further connection with the liquor after it was delivered to Mrs. Montgomery. If Moore was a co-purchaser with Mrs. Montgomery of the liquor from appellant by the very terms of the statute (Art. 670 P. C.) his relation of "purchaser" did not render him an accomplice to appellant's crime of possessing the liquor for the purpose of sale. Any subsequent sale of the liquor by Moore in which sale appellant had no interest or with which he had no connection would not render Moore an accomplice witness in the offense for which appellant was on trial.

Bill of exception number three certifies that during the trial the witness May Laughlin established an offense of possessing intox-

icating liquor committed by appellant in September, 1927; that the witness Moore established a separate offense of the same character in July, 1927, and another separate like offense in January, 1928. It is then certified in the bill as follows:

"Be it further remembered that either one of these transactions, if believed by the jury beyond a reasonable doubt, would have supported the allegations contained in the indictment and submitted to the jury; and the Court so here now certifies."

After all the evidence was in both for the state and appellant a written motion was made by appellant to require the state to elect upon which of the three transactions it would rely for conviction. This request was overruled. We think the court in error in such ruling. Each of the three transactions involved the handling by appellant of more than a quart of intoxicating liquor and made applicable the law announced in Art. 671, P. C. wherein possession of more than a quart of such liquor is declared to be prima facie evidence of guilt. By an unbroken line of authorities it has been held that where more than one felony has been proven by the state upon which conviction might be predicated accused is entitled to an election by the state when it is requested. The following authorities and the cases herein cited illustrate the rule. Larned v. State, 55 S. W. 826; Batchelor v. State, 55 S. W. 491; Crosslin v. State, 90 Tex. Cr. R. 467, 225 S. W. 905; Boder v. State, 122 S. W. 555; Gustamente v. State, 197 S. W. 998; Banks v. State, 93 Tex. Cr. R. 117, 246 S. W. 377; Sims v. State, 98 Tex. Cr. R. 352; 265 S. W. 897; Smith v. State, 101 Tex. Cr. R. 615, 276 S. W. 924.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*