HENRY BOLES v. THE STATE.

No. 12555.   Delivered May 15, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year and one day.

We think this conviction rests upon the uncorroborated testimony of accomplices. The state's witnesses testified that they came upon appellant while he was manufacturing whiskey. They remained at the still for two or three hours, during which time they aided appellant in getting wood for the fire. The fire was under a ten gallon can in which appellant was cooking the mash. One of the state's witnesses drank some of the whiskey. While the fact that the witness drank the whiskey did not within itself make him an accomplice, the aid given appellant by the acts of the witnesses in helping him to keep up the fire would render them guilty as principals in the commission of the offense. There is no testimony in the record aside from the testimony of the accomplices which tends in any wise to connect appellant with the offense of manufacturing intoxicating liquor. Article 65 P. C. provides:

"All persons are principals who are guilty of acting together in the commission of an offense."

Article 66 P. C. provides:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

Article 670 P. C. does not relieve from the taint of being an accomplice one who is connected with the accused in manufacturing intoxicating liquor in violation of law. Simms v. State, 265 S. W. 897. Under the terms of Article 718 C. C. P. a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense.

The evidence being insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.