### TURNER v. STATE. (No. 12300.)

Court of Criminal Appeals of Texas. May 29, 1929.

Rehearing Granted Oct. 9, 1929.

V. L. Shurtleff, of Breckenridge, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing mash and equipment for the purpose of manufacturing intoxicating liquor; punishment, three years in the penitentiary.

In appellant's pasture, at a distance from his house variously estimated at from 400 feet to 600 yards, and in what was called by one witness "a hole in the ground," and by another "a cellar," and by yet another "just a dugout," was found mash, a still, whisky, and equipment for the manufacture of intoxicating liquor. Four men beside appellant testified to what was there found. Objection to the testimony of one of them, the second one introduced as a witness, based on the proposition that there was no search warrant had or used, appears in bill of exceptions No. 2. It seems hardly necessary to cite authorities on the well-settled rule that to make such objection under such circumstances is of no avail to the accused. When the same testimony was elicited from three other witnesses without objection, and when appellant himself admitted that the mash, etc., was found on his place, this would ren-

der harmless the admission, if any, over objection, of the testimony of one witness to the same facts as those already in or admitted during the trial without objection. In any event, the place where the equipment was found was so situated as that a search warrant was not necessary. Greenwood v. State, 110 Tex. Cr. R. 478, 9 S.W.(2d) 352.

There are but three bills of exception, one of which is not approved by the trial judge. Another brings forward the matter above discussed. The third set up the refusal of a peremptory instruction asked because the accomplice was not corroborated. We think he was.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

MORROW, P. J. ▮ Upon the original hearing, bill of exceptions No. 1 was disregarded for want of authentication. Attached to the motion is the original bill duly certified and authenticated. In the bill it is stated: "While the witness J. H. Tarrant was on the witness stand he testified that on three different occasions, at different times and places, he and the defendant, since the first of January, 1928, had set up mash for the purpose of making whisky. That one of the places and the first time they set up mash was at a point five or six miles north of Ranger. That the second time that he and defendant set up mash was on the defendant's place, and that two weeks after this the third batch was set up on defendant's place."

It was duly shown by the bill that the appellant, at the proper time, requested that an election between the transactions be required of the state; and the legal question here involves the alleged error in refusing the request. Tarrant was arrested while at the still. Appellant was not present, but the state used Tarrant, under the promise of immunity, and the circumstance that the mash and still were found upon the premises of the appellant about 600 yards from his dwelling house, to incriminate him. Tarrant's evidence is in harmony with the quotation from the bill. The appellant, testifying in his own behalf, disclaimed any interest in or knowledge of the mash or still, and controverted in full the testimony of Tarrant concerning the commission of any offense by himself.

Upon the record as now before us, the duty of the trial court to require an election between the transactions was imperative. From the case of Stringer v. State, 110 Tex. Cr. R. 644, 10 S.W.(2d) 721, 722, the following quotation is taken: "By an unbroken line of authorities, it has been held that, where more than one felony has been proven by the State upon which conviction might be predicated, accused is entitled to an election by the State

when it is requested. The following authorities and the cases herein cited illustrate the rule: Larned v. State, 41 Tex. Cr. R. 509, 55 S. W. 826; Batchelor v. State, 41 Tex. Cr. R. 501, 55 S. W. 491, 96 Am. St. Rep. 791; Crosslin v. State, 90 Tex. Cr. R. 467, 235 S. W. 905; Bader v. State, 57 Tex. Cr. R. 293, 122 S. W. 555; Gustamente v. State, 81 Tex. Cr. R. 640, 197 S. W. 998; Banks v. State, 93 Tex. Cr. R. 117, 246 S. W. 377; Simms v. State, 98 Tex. Cr. R. 352, 265 S. W. 897; Smith v. State, 101 Tex. Cr. R. 615, 276 S. W. 924." See, also, Simms v. State, 98 Tex. Cr. R. 352, 265 S. W. 897.

▮ The error cannot be treated as harmless, especially since the verdict condemns the appellant to confinement in the penitentiary for a period of three years when the law assesses the minimum penalty of confinement for one year.

For the reason stated, the motion for rehearing is granted, the judgment of affirmance set aside, the judgment of the trial court reversed, and the cause remanded.