CHARLIE VLHA v. THE STATE.

No. 16347. Delivered January 31, 1934.
Reported in 67 S. W. (2d) 876.

272

The opinion states the case.

*T. B. Bartlett* and *Oltorf & Oltorf*, all of Marlin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The testimony adduced upon the trial is in substance as follows: The appellant owned a farm situated about two and one-half miles from the town of Marlin on the Marlin and Chilton highway in Falls County, Texas. The testimony further shows that John Stachowiak and appellant's wife occupied the Christian Building situated on Railroad street in said town; that in the front part of said building the said John Stachowiak ran a bakery and market while in the rear of said building appellant's wife ran a restaurant. That on the 24th day of December, A. D. 1932, the officers, by virtue of a search warrant, searched the Christian building and found in the restaurant twenty-one pints of whisky. On the 30th day of December, 1932, said officers, by virtue of a search warrant, went out to the farm of appellant and searched his dwelling, barn, outhouses, and a tenant house occupied by Mrs. Kate Ruder, and in appellant's residence they found a one-half gallon of whisky; in an outhouse located about fifteen yards from the dwelling house they found one and one-half gallons of whisky, and in the tenant house occupied by Mrs. Kate Ruder they found a ten gallon keg of whisky. The appellant denied having any knowledge of the liquor in the restaurant or any other place except that in his home which he claimed he had for medicinal purposes.

By a number of witnesses the appellant proved a good reputation as a law abiding citizen.

At the conclusion of the testimony, and before the court submitted his charge to the jury, the appellant filed written objections to the court's charge because the charge did not limit and confine the jury in their deliberations to one of the two transactions, viz: December 24th or December 30th, 1932, but the court declined to reform his charge so as to meet appellant's objections, to which appellant excepted. We believe that appellant's position is well taken. The state should have elected of which transaction it would seek a conviction, and the court should have reformed his charge and confined the jury in its deliberation to either one of the two transactions, and in support of our views as herein expressed we refer to the following authorities: Stringer v. State, 110 Texas Crim. Rep., 641, 10 S. W. (2d) 721; Crosslin v. State 235 S. W., 905; Bader v. State, 122 S. W., 555; Batchelor v. State, 55 S. W., 491; Powell v. State, 82 S. W., 516.

We are also of the opinion that the testimony of the officers relating to the whisky found in the restaurant and that found in the house occupied by Mrs. Ruder was not admissible against the defendant unless it was shown that he had some connection therewith.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.